UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'VON HAMILTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>Defendants. | Case No. 13-cv-04403-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS ALL CLAIMS IN THE FIRST CAUSE OF ACTION EXCEPT THE FOURTH AMENDMENT CLAIM FOR UNREASONABLE SEARCH**<br><br>**Dkt. No. 8** |

**I.   INTRODUCTION**

In the Complaint filed by Plaintiffs De'von Hamilton and Jacory Brown, the First Cause of Action is filed pursuant to 42 U.S.C. § 1983 and alleges violations of Plaintiffs' right to be free of unreasonable search and seizure under the Fourth Amendment, as well as violations of rights under the Fifth, Ninth and Fourteenth Amendments. Defendant City of Berkeley filed a Motion to Dismiss All Claims in the First Cause of Action except the Fourth Amendment Claim for Unreasonable Search (hereafter, "Motion"). Defendant contends that the Complaint's factual allegations only support a claim for unreasonable search in violation of the Fourth Amendment, and do not support a claim for unreasonable seizure, or a claim for any violation of the Fifth, Ninth and Fourteenth Amendments. The Court finds this Motion suitable for determination without oral argument, and vacates the hearing scheduled for December 6, 2013, at 9:30 a.m. Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b). For the reasons stated below, the Motion is GRANTED.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). The Complaint also names as a defendant FNU Miles, individually and in his official capacity as an officer for the City of Berkeley Police Department. All parties have confirmed, however, that there is no Officer Miles employed by the City of Berkeley Police Department. Accordingly, FNU Miles is not a defendant in this action, and all parties have consented to the undersigned's jurisdiction.

## II. BACKGROUND

### A. Factual Allegations

Plaintiffs allege that on September 21, 2011, at approximately 4:00 p.m., Plaintiff Brown was standing in front of his friend's house located at 1217 Haskell Avenue, Berkeley, California. Complaint ("Compl.") ¶ 12. An unmarked white van pulled up to the house and City of Berkeley Police Officers got out the van, accompanied by Plaintiff Hamilton. Hamilton had been taken into custody nearby and the officers transported him back to 1217 Haskell Avenue. *Id.* ¶ 13.

The officers detained Brown and placed him in the back of a patrol car. *Id.* ¶ 14. One of the officers showed Brown a piece of paper with his name on it, which the officers claimed was a search warrant. The officers also placed Hamilton into the back of a patrol car. *Id.*

The officers went inside the residence located at 1217 Haskell Avenue and performed a search while Plaintiffs remained in the patrol car. *Id.* ¶ 15. Brown told the officers that he did not live at the residence. *Id.* ¶ 14. The Complaint alleges that at all relevant times, Brown was a resident of El Sobrante, California, and Hamilton was a resident of Stockton, California. *Id.* ¶ 3-4.

After searching the house, the officers took Plaintiffs out of the patrol car and brought them into the house. *Id.* ¶ 16. The officers ordered Plaintiffs to strip naked. Plaintiffs were humiliated but complied with the officers' commands. During the search, the officers touched Plaintiffs' genitals and used their fingers to explore their anal cavities. *Id.*

After the strip and body cavity search, Plaintiffs were taken to the police station. *Id.* ¶ 17. Brown remained in custody for 48 hours prior to being released on bail. Hamilton remained in custody for one week, until he was released on his own recognizance. All charges were eventually dismissed. *Id.*

### B. The First Cause of Action

While Plaintiffs' Complaint contains several causes of action, only the First Cause of Action filed under 42 U.S.C. § 1983 is relevant to this Motion. The First Cause of Action states, in relevant part:

> In doing the acts complained herein, Defendants … acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

2

      a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution;

      b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

      c.   The right to be free from the use of excessive force, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

      d.   The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Compl. at 4-5.

### C.    The Motion

Defendant argues that the First Cause of Action fails to state any claim other than a Fourth Amendment claim for unreasonable search.  Dkt. No. 8 (Defendant City of Berkeley's Notice of Motion and Motion to Dismiss All Claims in the First Cause of Action Except the Fourth Amendment Claim for Unreasonable Search) ("Motion").  Defendant contends that because the Complaint "essentially acknowledges the officers had a search warrant to seize the plaintiffs," and because there are no allegations that the arrests were unlawful, Plaintiffs have not stated a Fourth Amendment Claim for unreasonable seizure.  *Id*. at 3.

Defendant also contends that the claims under the Fifth, Ninth and Fourteenth Amendments are improper.  Defendant cites *Conn v. Gabbert* for the proposition that "[c]hallenges to the reasonableness of a search by government agents clearly fall under the Fourth Amendment, not the Fourteenth."  536 U.S. 286, 293 (1999).  Defendant further cites *Albright v. Oliver* for the proposition that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.' "  510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 690 U.S. 386, 395 (1989).  Defendant argues that under *Conn* and *Albright*, Plaintiffs cannot assert a claim under the Fifth, Ninth and Fourteenth Amendments because the gravamen of their Compliant is for an allegedly unreasonable search under the Fourth Amendment.

1 Finally, Defendant contends that while an excessive force claim is properly pled under the
2 Fourth Amendment, there are no factual allegations in the Complaint to support an excessive force
3 claim. Defendant argues that the allegedly unlawful touching that took place during the strip
4 search may state a claim for unreasonable search, but not a claim for excessive force.

### D. The Opposition

Plaintiffs oppose parts of Defendant's Motion. Dkt. No. 12 (Plaintiffs' Opposition to Defendant's Motion to Dismiss) ("Opp."). Plaintiffs do not oppose dismissal of their claims under the Fifth, Ninth and Fourteenth Amendments. *See* Opp. at 4 n. 2. Plaintiffs also do not respond to Defendant's argument that the factual allegations in the Complaint fail to give rise to an excessive force claim. Plaintiffs do, however, argue that the Complaint states a claim for unreasonable seizure in violation of the Fourth Amendment.

Plaintiffs argue that Defendant misunderstands the allegations in the Complaint. They argue that the allegation that "one of the officers showed Mr. Brown a piece of paper with his name on it, which the officers claimed was a search warrant," Complaint ¶ 14, does not mean that the officers had a lawful and valid warrant, but rather, that the officers told Plaintiffs they had a warrant, which was actually "bogus and/or unspecified." Opp. at 5. Plaintiffs contend the Complaint alleges that the "piece of paper" did not confer authority upon the officers to search and arrest Plaintiffs. Plaintiffs also argue that "[e]ven if the warrant was valid for the search of 1217 Haskell Avenue, neither Plaintiff was inside the home or residents of it, and there was absolutely no basis to search and detain them based on a search (valid or otherwise) of the residence." *Id*.

### III. DISCUSSION

### A. Legal Standard

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Under Rule 12(b)(6), a court may dismiss a clam that is grouped together with other claims in a single cause of action, without dismissing the entire cause of action. *Hill v. Opus Corp*., 841 F.Supp.2d 1070,

1082 (C.D. Cal. 2011).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). For a claim to survive a motion to dismiss, "the factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (quotations omitted).

**B.     Analysis**

The only question before the Court is whether Plaintiffs have pled sufficient facts to state a plausible claim for unreasonable seizure in violation of the Fourth Amendment. Plaintiffs do not oppose the dismissal of their claims under the Fifth, Ninth and Fourteenth Amendments. Accordingly, these claims are dismissed with prejudice.

Plaintiffs have not pled sufficient facts to state a claim for unreasonable seizure. Plaintiffs allege that before the officers placed Brown in the back of a patrol car, "the officers showed Mr. Brown a piece of paper with his name on it, which the officers claimed was a search warrant." Compl. ¶ 14. There is no allegation that the "seizure" of detaining Plaintiffs was *not* pursuant to a warrant. Likewise, there is no allegation that the detentions were not lawful arrests. There is no allegation that the arrests were warrantless, without probable cause, or without "reasonable suspicion" that "criminal activity may be afoot and that the persons with whom [the officer] is dealing may be armed and presently dangerous." *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Indeed, the Complaint tells an incomplete story, and the Court is entirely ignorant of the circumstances which led to the arrests. Accordingly, the Court cannot determine that the factual allegations in the Complaint plausibly suggest that there was an unreasonable seizure in violation of the Fourth Amendment. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 547.

Defendant has also moved to dismiss the excessive force claim because the allegedly

unlawful touching that took place during the strip search does not support a claim for excessive force. Plaintiffs do not respond to this argument. For the following reasons, the Court agrees with Defendant and dismisses the excessive force claim.

Outside the prison context, a claim than an officer used excessive force is generally understood as a claim that a *seizure* was unreasonable, and therefore, violated the Fourth Amendment. In *Graham v. Connor*, the Supreme Court wrote that "[w]here, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be free in their persons … against unreasonable .. *seizures*' of the person." 490 U.S. 386, 394 (1989) (emphasis added) (holding that claims for excessive force should be analyzed under the Fourth Amendment, not the Fourteenth Amendment).

By contrast, claims that there was an unlawful strip search or cavity search are generally analyzed under the "search" prong of the Fourth Amendment. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 558 (1979) (correctional facility's policy to visually inspect pretrial detainees' cavities after every contact visit with someone outside the facility does not violate the Fourth Amendment's prohibition on "unreasonable searches"); *Bull v. City & Cnty. of San Francisco*, 595 F.3d 964, 975 (9th Cir. 2010) (balancing "between the need for the San Francisco strip search policy and the invasion of personal rights that the *search* entails") (emphasis added) (quotations omitted). Indeed, in most cases that have considered this issue, the strip and cavity searches took place in correctional facilities, where there was no dispute that the detainees had already been "seized." *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988) (noting that the Fourth Amendment "right extends to incarcerated prisoners; however, the reasonableness of a particular *search* is determined by reference to the prison context.") (emphasis added).

The Court is unaware of any case in which a strip search supported a claim for excessive force, much less where there is no allegation that the strip search itself was conducted using unnecessary force or caused physical pain or harm. In this case, there is no allegation that the strip search itself was conducted using unnecessary force or caused either Brown or Jacory to suffer physical pain or harm. Rather, Plaintiffs allege they were "humiliated." Compl. ¶ 16.

6

1  Accordingly, Plaintiffs have not pled a claim for excessive force (i.e., unreasonable seizure) based
2  on their allegations relating to the strip searches.

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED.  Count 1, to the extent it is based on the Fifth, Ninth or Fourteenth Amendments, or on excessive force, is dismissed without leave to amend.  Count 1, to the extent it is based on unreasonable seizure, is dismissed with leave to amend.  If Plaintiffs choose to amend the Complaint, they must do so within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED**.

Dated:  November 22, 2012

JOSEPH C. SPERO
United States Magistrate Judge