United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DE'VON HAMILTON, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>CITY OF BERKELEY, et al.,<br><br>       Defendants. | Case No.  13-cv-04403-JCS<br><br>**ORDER GRANTING DEFENDANT CHIEF MEEHAN'S MOTION TO DISMISS HIM FROM ENTIRE LAWSUIT**<br><br>**Dkt. No. 17** |

## I.      INTRODUCTION

Plaintiffs De'von Hamilton and Jacory Brown (hereafter, "Plaintiffs") filed their First Amended Complaint alleging claims against the City of Berkeley and Michael K. Meehan, the Chief of Police for the City of Berkeley Police Department.  Defendant Meehan filed a Motion to Dismiss (hereafter, "Motion"), contending that the claims asserted against him under 42 U.S.C. § 1983 must be dismissed because the statute of limitations has run and the relation back doctrine does not apply.  The Court held a hearing on the Motion on January 24, 2014, at 9:30 a.m. Defendant Meehan filed a supplemental brief at the request of the Court after the hearing.  For the following reasons, the Motion is GRANTED.[1]

## II.     BACKGROUND

On September 23, 2013, Plaintiffs filed their initial complaint alleging claims arising from events which allegedly occurred on September 21, 2011.  Dkt. No. 1.  On November 22, 2013, this Court entered an order dismissing Plaintiffs' complaint and granting Plaintiffs leave to amend. Dkt. No. 13.  Plaintiffs filed a First Amended Complaint on December 6, 2013.  Dkt. No. 15.  For

---

[1] The parties have consented to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

1    the first time in the First Amended Complaint, Plaintiffs name Michael K. Meehan, the Chief of

2    Police for the City of Berkeley Police Department, as a defendant in this lawsuit.  Dkt. No. 15

3    (First Amended Complaint) ("FAC").  Chief Meehan is named as a defendant both individually

4    and in his official capacity.  *Id*. ¶ 6.

5         The second and third causes of action in the First Amended Complaint are filed under 42

6    U.S.C. § 1983 for supervisor liability and *Monell* liability, respectively.[2]  FAC ¶¶ 28-41.

7    Defendant Meehan is expressly named as a defendant in both of these claims.  *See id*.  There are

8    no factual allegations regarding Defendant Meehan in the First Amended Complaint.

9         Defendant Meehan moves to dismiss the second and third causes of action under § 1983 as

10   they relate to him.  Dkt. No. 17 (Defendant Chief Meehan's Notice of Motion and Motion to

11   Dismiss Him From the Lawsuit for Failure to State a Claim Because the Matter is Time-Barred as

12   to Him) ("Motion").  Defendant Meehan contends that the § 1983 claims are time-barred as to him

13   because the statute of limitations for a § 1983 claim is two years and the relation back doctrine

14   does not apply.  Plaintiffs did not file a brief in opposition to Defendant Meehan's Motion.

15        Defendant Meehan is only expressly named as a defendant in the second and third causes

16   of action which arise under § 1983.  However, the fifth, sixth, seventh and eighth causes of action

17   are asserted against all "defendants," which may include Defendant Meehan.  These claims are for

18   assault & battery, false arrest & imprisonment, intentional infliction of emotional distress, and a

19   violation of California Civil Code § 51.7 (to be free from violence and intimidation), respectively.

20   There are no allegations in the First Amended Complaint suggesting that Defendant Meehan was

21   present during the incident, thus it does not appear that Plaintiff intended to include Defendant

22   Meehan in these causes of action.  Nevertheless, the Court asked Defendant Meehan, who sought

23   to be dismissed from the entire lawsuit, to address the question of whether these other causes of

24   action were also time-barred in a supplemental brief.

25        Defendant Meehan filed a supplemental brief on January 29, 2014.  *See* Dkt. No. 25.  In the

26   supplemental brief, Defendant Meehan contends that the state law claims also have a two-year

27

28
_____

[2] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

2

1  statute of limitations.

2  **III.    LEGAL STANDARD**

3      A complaint may be dismissed for failure to state a claim for which relief can be granted

4  under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed.R.Civ.P. 12(b)(6).  "The

5  purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

6  complaint."  *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Under Rule

7  12(b)(6), a court may dismiss a clam that is grouped together with other claims in a single cause of

8  action, without dismissing the entire cause of action.  *Hill v. Opus Corp.*, 841 F.Supp.2d 1070,

9  1082 (C.D. Cal. 2011).

10      In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of

11  material fact as true and construe(s) them in the lights most favorable to the non-moving party."

12  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).  The complaint need not

13  contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that

14  is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v.*

15  *Twombly*, 550 U.S. 544, 547 (2007)).  For a claim to survive a motion to dismiss, "the factual

16  content, and reasonable inferences from that content, must be plausibly suggestive of a claim

17  entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009)

18  (quotations omitted).

19  **IV.    DISCUSSION**

20      **A.    The Statute of Limitations has Run**

21          **1.  *42 U.S.C. § 1983***

22      "In determining the proper statute of limitations for actions brought under 42 U.S.C. §

23  1983, [courts] look to the statute of limitations for personal injury actions in the forum state."

24  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  Under California law, the statute of

25  limitations for personal injury actions is two years.  *See id.*; Cal. Civ. Proc. Code § 335.1.

26  Therefore, the statute of limitations for Plaintiffs' claims under 42 U.S.C. § 1983 is two years.

27      The incident giving rise to Plaintiffs claim occurred on September 21, 2011.  FAC ¶ 12.

28  The First Amended Complaint, which named Chief Meehan as a defendant in this action for the

United States District Court
Northern District of California

1    first time, was filed on December 6, 2013.  Because December 6, 2013 was more than two years

2    after September 21, 2011, the statute of limitations had run on the § 1983 claims asserted against

3    Chief Meehan.

4                    **2.  *State law claims***

5          Under section 905 of the California Tort Claims Act, Plaintiffs were required to file a pre-

6    lawsuit claim prior to asserting all of their state common law claims, as well as their claim arising

7    under California Civil Code § 51.7.  Cal. Gov't Code § 905; *Gatto  v. Cnty. of Sonoma*, 98

8    Cal.App.4th, 763-65 and n. 10 (2002).  Plaintiffs' attorney timely submitted the pre-lawsuit claim.

9    FAC ¶ 11.

10         Pursuant to California Government Code § 945.6, "any suit brought against a public entity

11   on a cause of action for which a claim is required to be presented in accordance with" the

12   California Tort Claims Act "must be commenced … within two years from the accrual of the

13   cause of action."  Cal. Gov't Code § 945.6(a)(2).  Section 950.6(b) of the California Government

14   Code states that the limitations period under § 945.6 also applies to public employees.  Cal. Gov't

15   Code § 950.6(b).  Thus, the two-year statute of limitations in § 946.6 for all of Plaintiffs' state law

16   claims also apply to Defendant Meehan.  *See id.*  Because December 6, 2013 was more than two

17   years after September 21, 2011, the statute of limitations had also run on the state law claims

18   claims asserted against Chief Meehan.

19             **B.      The Relation Back Doctrine Does Not Apply**

20                    **1.      *Rule 15(c)(1)(C)***

21         Rule 15(c) of the Federal Rules of Civil Procedure governs when an amendment to a

22   pleading relates back to the date of the original pleading.  *See* Fed.R.Civ.P. 15(c).  Under Rule

23   15(c)(1)(C), a new defendant may be made party to an existing complaint if (1) the claim arose out

24   of the same conduct, transaction or occurrence set out in the original pleading, (2) the new

25   defendant received "notice of the action that it will not be prejudiced in defending on the merits,"

26   and (3) the new defendant "knew or should have known that the action would have been brought

27   against it, but for a mistake concerning the proper party's identity."  Fed.R.Civ.P. 15(c)(1)(C).

28         Defendant Meehan argues that the "mistake" prong of Rule 15(c)(1)(C) is not met.  "[I]f a

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    plaintiff is aware of the potential defendant's identity at the time the original complaint is filed,

2    but is uncertain whether the potential defendant may be found liable, amendment is not allowed to

3    defeat the statute of limitations." *In re Brocade Commc'ns Sys., Inc. Derivative Litig.*, 615

4    F.Supp.2d 1018, 1041 (N.D. Cal. 2009) (citing *Brink v. First Credit Res.,* 57 F.Supp.2d 848, 856

5    (D. Ariz.1999)).  "Similarly, if the plaintiff learns of the defendant within the limitations period,

6    but seeks to add the defendant only after the period has expired, amendment is not allowed." *Id.*

7    "In these two situations, the plaintiff's failure to add the defendant(s) before the expiration of the

8    statute of limitations cannot be characterized as a 'mistake concerning ... identity' because the

9    plaintiff was aware of the new party's identity before the statute of limitations had run." *Id.*; *see*

10   *also Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 857–58 (9th Cir. 1986) ("Rule 15(c) was never

11   intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a

12   potential party").

13        The Court agrees that Plaintiffs have failed to satisfy the "mistake" prong of Rule

14   15(c)(1)(C).  While Chief Meehan is sued both in his individual and official capacity, there are no

15   factual allegations regarding Chief Meehan in the First Amended Complaint.  Rather, he is only

16   sued because of his position as Chief of Police of the City of Berkeley Police Department.

17   Because of his position as a public figure, it is hard to believe that Plaintiffs (and Plaintiffs'

18   attorneys) could have mistaken his identity.  Moreover, Defendant has directed the Court's

19   attention to a complaint in another lawsuit filed on September 4, 2012 by Plaintiffs' attorneys:

20   John Burris and Dewitt Lacy.  *See Andrews v. City of Berkeley and Michael Meehan*, No. 12-4614

21   (N.D. Cal.) (Beeler, J.).  The complaint in that case names Chief Meehan as a defendant, and was

22   filed before the statute of limitations ran on the § 1983 claims against Defendant Meehan in this

23   case.  That complaint shows Plaintiffs' attorneys were aware of Defendant Meehan's identity

24   before the statute of limitations ran in this case, and that there was no "mistake" concerning his

25   identity.  Accordingly, Plaintiffs cannot amend to add Defendant Meehan as a defendant under

26   Rule 15(c)(1)(C).

27        **2.    *Rule 15(c)(1)(A)***

28        Rule 15(c)(1)(A) provides that "[a]n amendment to a pleading relates back to the date of

the original pleading when … the law that provides the applicable statute of limitations allows relation back."  Fed.R.Civ.Pl. 15(c)(1)(A).  This part of Rule 15(c) was added by amendment in 1991 to reflect that if "the controlling body of limitations law … affords a more forgiving principle of relation back than the one provided in [Rule 15(c)], it should be available to save the claim."  Advisory Comm. Note to 1991 amendment to Fed.R.Civ.P. 15(c)).  "Because California law provides the applicable statute of limitations here, under Rule 15(c)(1)(A), the Court must look to California's relation-back rules."  *Parreno v. Berryessa Union Sch. Dist.*, No. 09-3422, 2010 WL 532376. at *2 (N.D. Cal. Feb. 8, 2010) (Seeborg, J.); *see also M.G. ex rel. Goodwin v. Cnty. of Contra Costa*, No. 11-4853, 2013 WL 706801, at *3 (N.D. Cal. Feb. 26, 2013) (Alsup, J.) (citing *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir.1989)) ("State law, rather than federal law, governs whether amendments relate back to the original complaint in civil rights actions pursuant to 42 U.S.C. § 1983.").

Under California Law, "[t]he general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed."  *Woo v. Superior Court*, 75 Cal.App.4th 169, 176 (1999) (citations omitted). "A recognized exception to the general rule is the substitution under section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint."  *Id*. (citations omitted).  "If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed."  *Id*.

In this case, the requirements of section 474 have not been satisfied.  For section 474 to apply, the plaintiff must be "genuinely ignorant" of the new defendant's identity at the time the original complaint is filed.  *Woo*, 75 Cal.App.4th at 177; *see also Hazel v. Hewlett*, 201 Cal.App.3d 1458, 1464 (1988) (noting that for section 474 to apply, "it is necessary that the plaintiff actually be ignorant of the name or identity of the fictitiously named defendant at the time the complaint is filed.").  For the same reasons that Plaintiffs fail to satisfy the "mistake" prong of

Rule 15(c)(1)(C), Plaintiffs cannot show that they were "genuinely ignorant" of Chief Meehan's identity.  There are no factual allegations asserted against Defendant Meehan, which shows that he has only been sued because he is the Chief of Police of the City of Berkeley Police Department. Plaintiffs' attorneys knew that Defendant Meehan was the Chief of Police because they filed a complaint against Chief Meehan, in his role as the Chief of Police, in another case prior to the date of the original complaint in this case.

*       *       *

Accordingly, to the extent the second, third, fifth, sixth, seventh and eighth causes of action are asserted against Defendant Meehan, they are dismissed with leave to amend.  Plaintiffs will be given an opportunity to allege facts supporting the doctrine of equitable tolling.

**V.      CONCLUSION**

For the foregoing reasons, Defendant Chief Meehan's Motion to Dismiss is GRANTED. If Plaintiffs choose to file an amended complaint, they must do so within fourteen (14) days of the date of this order.  If Plaintiffs do not file an amended complaint, then Defendant Meehan is dismissed from this lawsuit.

**IT IS SO ORDERED**.

Dated: February 7, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge